UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cameron Howard, *et al.*,

    Plaintiffs,

v.

Travelers Indemnity Company,

    Defendant.

Case No. 2:23-cv-2234

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Cameron Howard ("Plaintiff") sues Travelers Indemnity Company[1] ("Defendant") under Ohio law for breach of contract and bad faith, stemming from Defendant's refusal to pay the policy limits for collisions with uninsured motorists after Plaintiff was involved in an automobile accident with a "phantom vehicle." Compl., ECF No. 3. Defendant moves to bifurcate the bad faith claim and stay discovery on that claim until the breach of contract claim has been resolved. Mot. Bifurcate, ECF No. 16. Plaintiff did not respond to Defendant's motion. For the following reasons, the motion is **GRANTED**.

### I. ANALYSIS

Defendant argues that Plaintiff's bad faith claim should be bifurcated, and discovery on that claim stayed, to promote judicial economy and to protect work-product and attorney-client-privileged information from discovery unless and until Plaintiff prevails on the breach of contract claim. Mot. Bifurcate, ECF No. 16.

---

[1] Defendant's motion asserts that Defendant is improperly named. Mot. Bifurcate 1, ECF No. 16. Plaintiff shall ensure the proper entity is named as Defendant in this case.

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . claims . . . ." Additionally, the Court has discretion to stay discovery on a bifurcated claim. *Cf, Warren v. Fed. Ins. Co.*, 358 F. App'x 670, 676 (6th Cir. 2009). The Court's decision is subject to an abuse of discretion review on appeal, and the Sixth Circuit has found it "reasonable" to bifurcate a bad-faith claim and stay discovery on that claim pending resolution of coverage issues when "the merits of the bad faith claim depended on whether coverage was properly or improperly denied[.]" *Id.* (citations omitted).

Such may be the case here, as Plaintiff seems to base the bad faith claim on Defendant's refusal to pay. Am. Compl. ¶ 17, ECF No. 11 ("There is no reasonable justification for Travelers not to tender policy limits of $50,000.00 given the damage shown by Howard.").

On the other hand, Plaintiff also arguably alleges a bad faith investigation claim, which is not necessarily precluded by a lack of coverage. *See, e.g., Ohio Value Physicians, Inc. v. Scottsdale Surplus Lines Ins. Co.*, No. 1:20-cv-453, 2021 WL 781750, at *4 (S.D. Ohio Mar. 1, 2021) ("OVP's bad faith claims are not entirely dependent on the success of its coverage claim. Therefore, to bifurcate the issues would neither expedite this litigation nor promote judicial economy."). If Plaintiff does allege a bad faith investigation claim, judicial economy might not be served by bifurcating this case. *See Curry v. State Farm Mut. Auto. Ins. Co.*, No. 2:19-cv-4469, 2020 WL 13885993, at *3 (S.D. Ohio May 7, 2020) ("Therefore, bifurcation could actually waste judicial resources and prolong litigation if the parties are

required to duplicate depositions and litigate separate trials." (internal quotations and citations omitted)); *cf. Steinberger v. State Farm Auto. Ins.*, No. 3:10-cv-015, 2010 WL 3603791, at *3–4 (S.D. Ohio Sept. 9, 2010) ("While it is certainly true that disposition of the contract claims may obviate any need to deal with the bad faith claims, if it does not, then discovery must start over and presumably a second jury would have to be impaneled to eventually try the bad faith claims.").

Because at least one theory of Plaintiff's bad faith claim rises or falls with the coverage issue, and because Plaintiff did not oppose the motion, the Court agrees that judicial economy warrants bifurcating the bad faith claim, for now.

Relatedly, the same judicial economy concerns that merit bifurcation also merit a stay of discovery on the bifurcated claim. *P.I. & I. Motor Express, Inc. v. Certain Underwriters at Lloyds, London*, No. 4:07 CV 2871, 2008 WL 11381938, at *3 (N.D. Ohio Jan. 18, 2008) (refusing to bifurcate but finding the bad faith claim dependent on coverage and concluding that, "[b]ecause the burden to the parties in conducting discovery for the bad faith claim outweighs any potential benefits, the Court deems it appropriate to stay discovery on Plaintiff's bad faith claim until the issue of coverage is resolved." (citation omitted)). A discovery stay is also warranted by the parties' engagement in settlement discussions. *See* Joint Mot. 2, ECF No. 18. As such, the Court **STAYS** discovery on Plaintiff's bad faith claim.

Defendant separately justifies its requests based on undue prejudice. It is true that bifurcation can prevent undue prejudice to a defendant because certain information, that would be privileged in connection with a coverage issue, is discoverable in connection with a bad faith claim. *See Garg v. State Auto. Mut. Ins.*

*Co.*, 800 N.E.2d 757, 763 (Ohio Ct. App. 2003) ("We agree with [Defendant] that the trial court's failure to bifurcate the bad-faith claim for trial and to stay discovery on that claim would be grossly prejudicial to [Defendant] and, thus, an abuse of discretion.").

But, without reviewing the at-issue documents, the Court cannot determine whether the prejudice present in *Garg* likewise exists here. Accordingly, the Court cannot not conclude, at this juncture, that prejudice to Defendant separately warrants bifurcation and a stay of discovery on the bad-faith claim. *See P.I. & I. Motor Express, Inc.*, 2008 WL 11381938, at *3 ("Defendant contends that bifurcation and a stay of discovery are appropriate due to the nature of the claims. This is merely a generic assertion that would apply to all complaints containing claims for bad faith and breach of contract . . . ."); *Maxey v. State Farm Fire & Cas. Co.*, 569 F. Supp. 2d 720, 723 (S.D. Ohio 2008) ("[C]ourts faced with this issue have not found bifurcation or stay of discovery mandatory, but instead have considered the circumstances of the individual case.").

The apparent lack of prejudice is highlighted by the interplay between state and federal law that exists in this diversity case. *E.g.*, *Steinberger*, 2010 WL 3603791, at *3–4 ("But the issue of bifurcation is procedural, not substantive. . . . [T]he Federal Rules of Civil Procedure provide a more nuanced way of preserving [privilege] protections tha[n] staying all discovery on the bad faith claims.").

In sum, the Court's decision is based largely on: (1) the vagueness of the allegations of bad faith in the Amended Complaint; (2) the fact that Defendant's

motion was unopposed; and (3) the fact that the parties are engaged in settlement discussions. Although bifurcation of the bad faith claim might promote judicial economy, the Court remains skeptical.

Thus, should the parties reach an impasse, and should discovery on the breach-of-contract claim demonstrate that bifurcation will not actually conserve the parties' and Court's resources, Plaintiff shall move the Court for reconsideration of this decision. In that event, Defendant will be required to demonstrate more specifically why bifurcation is necessary to avoid undue prejudice *in this case* or will conserve resources *in this case*.

## II. CONCLUSION

Defendant's motion is **GRANTED**. The Court **BIFURCATES** and **STAYS DISCOVERY** on Plaintiff's bad faith claim. The Clerk shall terminate ECF No. 16.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**